FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 01 2021

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LASHAUN GORDON                                                    PLAINTIFF

VS.                          CASE NO. 4:21- cv - 168 - DPM

WAL-MART STORES, INC.                                            DEFENDANT

<u>COMPLAINT</u>        This case assigned to District Judge _Marshall_

and to Magistrate Judge _Harris_

<u>Introduction</u>

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of

the Civil Rights Act of 1964, as amended), in order to recover damages against the defendant for

the unlawful employment practices that the plaintiff Lashaun Gordon, has been subjected to on

account of her race and sex. This is also an action for declaratory judgment pursuant to 28 U.S.C.S.

§ 2201 to declare the rights and other legal relations between the parties. The plaintiff is also

seeking equitable relief and injunctive relief as well.

I.
<u>Jurisdiction</u>

1.       Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331,

1343, 1391, 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended).

2.       The unlawful employment practices alleged to have been committed against the

plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.
<u>Parties</u>

3.       The plaintiff is an African American female, who resides in Pulaski County,

Arkansas.

1

4.      The defendant Wal-Mart Stores, Inc., is a foreign for-profit corporation that is licensed to do business in the State of Arkansas, operating as a retail discount chain store, providing and distributing household durable goods to consumers.

5.      Wal-Mart Stores, Inc, (hereinafter referred to as Wal-Mart) is based out of Bentonville, Arkansas, where its principal place of business is located.  The address for Wal-Mart Stores, Inc., is 702 SW 8th Street, Bentonville, Arkansas 72716.

6.      The agent for service of process for Wal-Mart Stores, Inc., is The Corporation Company, 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

III.
Facts

7.      The plaintiff was formerly employed by the defendant working in the capacity as Assistant Store Manager.

8.      The plaintiff initially went to work for Wal-Mart in June 1997, but left at the end of 1999 due to having a child.

9.      The plaintiff was re-employed by Wal-Mart on or about April 16, 2015.

10.     The plaintiff has a Bachelor of Arts degree in Criminal Justice.

11.     When the plaintiff was re-employed by the defendant, she worked in Asset Protection.

12.     After approximately one year, the plaintiff was promoted to the position of Assistant Store Manager in April 2016.

13.     The plaintiff was transferred to the Fayetteville, Arkansas Wal-Mart (#144), and was there for 4 – 6 weeks, where she received Assistant Manager Training.

14.     After the plaintiff finished her training in or about June 2016, she was then sent to the Conway Wal-Mart (#5), which is located on Skyline Drive.

15.     The plaintiff remained at the Conway Wal-Mart Store for approximately nine (9) months

16.     The plaintiff was then transferred to the Wal-Mart Store #5244 in Little Rock, Arkansas, on Hwy. 10 (Cantrell Road) in January 2017, working as the Assistant Store Manager.

17.     Upon information and belief, as of May 2020, Wal-Mart only had one African American female manager – Nicole Perkins, who managed the Wal-Mart Store in Benton, Arkansas.

18.     Also, upon information and belief, as of May 2020, there were no African-American male store managers working in the Greater Little Rock area, which includes Little Rock, North Little Rock, Sherwood, Bryant, and Benton, Arkansas.

19.     Timmy Kitchens is an African male who started with Wal-Mart in or about October 2019.

20.     Mr. Kitchens attempted to purchase a 65' television set at a discounted price, which had been opened.

21.     However, pursuant to policy, an associate of Wal-Mart can only purchase an item such as a television set, only after it had been on display for 24 hours.

22.     When Ms. Gordon advised Mr. Kitchens that he could not purchase the television set prior to being on display for 24 hours, he became upset, cursing and yelling at the plaintiff, also threatening to "tell" on her.

23.     In another incident, Timmy Kitchens was mistakenly given a discount card by Ashley Palmer, a Caucasian female and a human resource manager for the Hwy. 10 Wal-Mart store.[1]

---

[1] Based on policy, an associate is only allowed to get a discount card, if they worked on "Good Friday," which it is believed that Mr. Kitchens had not.

24.     Ms. Palmer asked the plaintiff to get the card back from Mr. Kitchens.

25.     When Ms. Gordon attempted to get the card back from Mr. Kitchens, he became infuriated at the plaintiff, refusing to give the card back.

26.     When the plaintiff informed Ms. Palmer that Mr. Kitchens refused to return the card, Ms. Palmer directed the plaintiff to either get the card back or write him up.

27.     Ms. Gordon advised Ms. Palmer that she could not write up Mr. Kitchens, because she was not present when he got the card.

28.     Wal-Mart Store #5244 is managed by Rick Haley, a Caucasian male.

29.     Mr. Haley advised the plaintiff to "let it go" in reference to the discount card that was mistakenly given to Mr. Kitchens.

30.     Timmy was allowed to keep the card; however, this incident created further hostility by Mr. Kitchens towards the plaintiff.

31.     In January 2020, Store Manager Rick Haley found out that the store was going to get inspected by upper management from Bentonville, Arkansas, and he was frantic.

32.     Mr. Haley was yelling and screaming at the plaintiff.

33.     Mr. Kitchens overheard Mr. Haley yelling and screaming at the plaintiff, and later asked if she was alright.

34.     Mr. Kitchens overheard Ms. Gordon and another employee talking about something, and he made a sexually vulgar comment to the plaintiff and the other employee.

35.     The plaintiff has joked with Mr. Kitchens in the past.

36.     During approximately late April or early May 2020, the plaintiff was accused of having a sexual relationship with Mr. Kitchens, which was not true.

37.     In a effort to retaliate against the plaintiff, Mr. Kitchens falsely accused the plaintiff of having a sexual relationship with him.

38.     The plaintiff was terminated from her position on May 7, 2020.


IV.
Title VII of the Civil Rights Act
Race Discrimination

39.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-38 of the plaintiff's complaint, and adopts each as if set out herein word for word.

40.     The plaintiff was terminated from her place of employment with the defendant based on a false allegation of having an inappropriate sexual relationship with a co-worker.

41.     The defendant conducted a sham investigation into the allegation made against the plaintiff, and was unable to substantiate these claims, because they were false.

42.     The plaintiff has been subjected to disparate treatment on account of her race.

43.     Assuming that the allegation made by Mr. Kitchens against the plaintiff was true, there have been similarly situated white employees who have engaged in inappropriate sexual relations with co-workers, but were not terminated like the plaintiff was.

44.     James Caldwell is a Caucasian male, and was an assistant manager in tire and lube with the defendant.

45.     James Caldwell sent sexually explicit photos of his private part to an associate – Samantha Brown – a Caucasian female.

46.     From all indications, Mr. Caldwell and Ms. Brown were involved in a sexual relationship.

47.     Neither Caldwell nor Brown was fired over their inappropriate relationship.

48.     Nevertheless, Caldwell and Brown received only a "coaching" for their inappropriate sexual relationship.

49.     Adrian Montgomery is a Caucasian male, who was formerly employed by the defendant as an Assistant Store Manager in Maumelle, Arkansas.

50.     Sometime in 2019, Mr. Montgomery was accused of sending sexually explicit photos of himself to an associate.

51.     When Mr. Montgomery was being investigated for his inappropriate behavior, he was sent to the Wal-Mart Store on Highway 10, where the plaintiff was working.

52.     Mr. Montgomery was then moved to the Wal-Mart Store on Bowman Road in Little Rock, Arkansas.

53.     Once the matter was investigated, and the allegations were substantiated, Mr. Montgomery received a "coaching" and was placed on an "orange level" disciplinary status.

54.     After Mr. Montgomery was sent to the Wal-Mart Store on Bowman Road, upon information and belief, he got into some additional trouble, and was then placed on a "red level" disciplinary status for a safety violation.

55.     Wal-Mart then went through a reorganization called the "Great Workplace" sometime in February 2020, and those assistant managers who had two or more coachings and a bad evaluation, were let go, which included Mr. Montgomery, who was let go in February 2020.

56.     Tasha Dozier is a Caucasian female assistant manager for Wal-Mart, who was involved in a sexual relationship with a female associate.

57.     When the inappropriate relationship came to light, Wal-Mart management officials gave Ms. Dozier the option to resign or be fired.

58.     However, after only being gone for a few months, Ms. Dozier was allowed to return to work for Wal-Mart.

59.     The above-mentioned Caucasian employees were treated in more favorable terms than what the plaintiff was afforded.

60.     The plaintiff was subjected to disparate treatment on account of her race, when she was terminated from her place of employment with the defendant, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

## V.
### Title VII of the Civil Rights Act
### Sex Discrimination

61.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-60 of the plaintiff's complaint, and adopts each as if set out herein word for word.

62.     The plaintiff was terminated from her place of employment with the defendant based on a false allegation of having an inappropriate sexual relationship with a co-worker.

63.     The defendant conducted an investigation into the allegation made against the plaintiff, and was unable to substantiate these claims, because they were false.

64.     The plaintiff has been subjected to disparate treatment on account of her race.

65.     Assuming that the allegation made by Mr. Kitchens against the plaintiff was true, there have been similarly situated white employees who have engaged in inappropriate sexual relations with co-workers, but were not terminated like the plaintiff was.

66.     James Caldwell is a Caucasian male, and was an assistant manager in tire and lube with the defendant.

67.     James Caldwell sent sexually explicit photos of his private part to an associate – Samantha Brown – a Caucasian female.

68.     From all indications, Mr. Caldwell and Ms. Brown were involved in a sexual relationship.

69.     Neither Caldwell nor Brown was fired over their inappropriate relationship.

70.     Both Caldwell and Brown received a "coaching" for their inappropriate sexual relationship.

71.     Adrian Montgomery is a Caucasian male, who was formerly employed by the defendant as an Assistant Store Manager in Maumelle, Arkansas.

72.     Sometime in 2019, Mr. Montgomery was accused of sending sexually explicit photos of himself to an associate.

73.     When Mr. Montgomery was being investigated for his inappropriate behavior, he was sent to the Wal-Mart Store on Highway 10, where the plaintiff was working.

74.     Mr. Montgomery was then moved to the Wal-Mart Store on Bowman Road in Little Rock, Arkansas.

75.     Once the matter was investigated, and the allegations were substantiated, Mr. Montgomery received a "coaching" and was placed on an "orange level" disciplinary status.

76.     After Mr. Montgomery was sent to the Wal-Mart Store on Bowman Road, upon information and belief, he got into some additional trouble, and was then placed on a "red level" disciplinary status for a safety violation.

77.     Wal-Mart then went through a reorganization called the "Great Workplace" sometime in February 2020, and those assistant managers who had two or more coachings and a bad evaluation, were let go, which included Mr. Montgomery, who was let go in February 2020.

78.     Although the plaintiff was accused of being involved in an inappropriate relationship with Timmy Kitchens, he was not disciplined due to his alleged inappropriate behavior.

79.     The above-mentioned male employees were treated in a more favorable manner than the plaintiff was, despite being guilty (with the exception of Kitchens) of the same conduct that the plaintiff was accused of doing.

80.     The plaintiff was subjected to disparate treatment on account of her sex, in that similarly situated male employees, were treated more favorably than the plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

VI.
Procedural Requirement

81.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-80 of the plaintiff's complaint, and adopts each as if set out herein word for word.

82.     On July 1, 2020, the plaintiff filed a Charge of Discrimination (No. 493-2020-01251) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against based on her race and sex, when she was terminated from her position of Assistant Manager with the defendant. The plaintiff also alleged that she was being retaliated against due to her complaining about discrimination (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

83.     In response to the Plaintiff's Charge of Discrimination (No. 493-2020-01251) that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated November 30, 2020, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter.  (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

9

84.     The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Dismissal and Notice of Rights" letter.

## VII.
## Damages

85.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-91 of the plaintiff's complaint, and adopts each as if set out herein word for word.

86.     As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her sex and race, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

87.     Furthermore, due to the discriminatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

88.     The defendant has subjected the plaintiff to discriminatory practices in reckless disregards to her federally protected rights, that an award of punitive damages is warranted.

## JURY DEMAND

89.     The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a.      declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race;

b.      reinstatement and back pay;

c.      compensatory and punitive damages;

d.  attorney's fees;

e.  the cost of prosecuting this action;

f.  and for all other equitable, legal, and just relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By:  _____
Austin Porter Jr., No. 86145

Dated this 1st day March 2021.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2020-01251 |
|---|---|---|

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**MS. LASHAUN GORDON** | Home Phone<br>**(501) 553-5571** | Year of Birth |
|---|---|---|

| Street Address<br>**1700 SOUTH FILLMORE, LITTLE ROCK, AR 72204** | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**WAL-MART** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(479) 273-4000** |
|---|---|---|

| Street Address<br>**702 SW 8TH ST, BENTONVILLE, AR 72716** | City, State and ZIP Code | |
|---|---|---|

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br><br>☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest       Latest<br>**01-01-2020**   **05-07-2020**<br><br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was hired on or about April 16, 2015, and worked most recently as an Asst. Manager. I was discharged on or about May 7th, 2020. Prior to my termination, a male associate falsely reported that I had been involved in a sexual relationship with him, prompting an investigation which disclosed no proof of the alleged improper relationship.

I was advised I was terminated for violation of policy regarding hourly and salaried worker relationships.

Upon information and belief, there have been three white Asst Managers (Adrin (male), James (Male), and Tasha (Female)), under the same overall Market Manager, who had similar allegations of improper relationships, and received only write-ups, without suffering discharge.

I believe I suffered disparate treatment and was discharged due to my race (black) and sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Lashaun Gordon on 07-01-2020 01:22 AM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

**PLAINTIFF'S EXHIBIT**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Lashaun Gordon**
**1700 South Fillmore**
**Little Rock, AR 72204**

From:  **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2020-01251** | **Chris E. Stafford,** Investigator | **(501) 324-5812** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

**☒** The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**William A. Cash, Jr.,**
**Area Office Director**

11/30/2020
*(Date Mailed)*

Enclosures(s)

cc:  **Scott A. Forman**
**Shareholder**
**WALMART, C/O LITTLER MINDELSON**
**2301 Mcgee Street Suite 800**
**c/o Littler Mendelson, GSC**
**Kansas City, MO 64108**

