IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LASHAUN GORDON**                                    **PLAINTIFF**

v.                      No. 4:21-cv-168-DPM

**WAL MART STORES, INC.**                             **DEFENDANT**

**PROTECTIVE ORDER**

    **1.** This Agreed Protective Order shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party, person, or entity.

    **2.** Any party or third party who is required to produce documents or disclose information in this case (the "Producing Party") may designate as "Confidential" any non-public material that the Producing Party believes, in good faith, contains information related to a trade secret, proprietary business information, non-public financial information, personal information, including social security numbers, confidential research, or any other information subject to a legally protected right to privacy ("Confidential Information").

    **3.** Designation of Confidential Information shall be made at or prior to the time of production of documents by stamping or marking the documents as "Confidential" in a location that makes the designation readily apparent or by otherwise reasonably apprising all counsel of such designation. Such a designation reflects a good faith

determination by counsel that the material falls within the definition of Confidential Information under this Protective Order. The production of Confidential Information shall not be construed as an admission or agreement that any specific information is or is not subject to discovery or admissible in evidence. Nothing in this Protective Order requires the production of any documents or things or constitutes a waiver of objections to the discoverability of any documents or things.

4. The inadvertent delivery of documents and information that could properly be designated as "Confidential" shall be without prejudice to the Producing Party.

5. Deposition testimony may be designated as "Confidential," in whole or in part, within fifteen (15) days after receipt of the written transcript by the designating party. Until that time, all deposition testimony shall be treated as confidential to permit counsel an opportunity to designate the deposition testimony as confidential.

6. Confidential Information shall not be used for *any* purpose other than the defense, prosecution, or settlement of this action in accordance with the provisions of this Protective Order and shall not be discussed or disclosed to any person except as specifically authorized by this Protective Order. Any documents, information, deposition testimony, or other material subject to this Protective Order shall not be used or disclosed, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever.

7. Confidential Information shall be disclosed only to:

   a. The Court and its staff in this case and in any appeal therefrom;

   b. The named parties in this litigation, including officers and representatives of corporate parties;

   c. Counsel of record for the parties in this case, including in-house counsel responsible for the litigation;

   d. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

   e. Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

   f. Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agree in writing or on the record, or whom the Court direct shall have access to such information; and

   g. During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a

copy of such document prior to its production in this action.

8. This Protective Order is directed to pretrial discovery, subject to any further order as this Court may enter regarding confidentiality of Confidential Information used in a hearing or trial in this action.

9. A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within thirty days after such objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the objections. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed until the Court issues a ruling or schedules a hearing.

10. Nothing in this Protective Order shall be construed to govern or affect the admissibility or use of any Confidential Information or any document that is privileged or subject to the work

product doctrine at trial or hearing in open court. Any requests of confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

**11.**   The terms of this Protective Order shall be binding on the parties to this lawsuit and their respective attorneys.

**12.**   In the event of a proven violation of this Protective Order by any party or recipients of information designated Confidential Information, the offending party or person understands that he or she may, in the discretion of the Court, suffer the imposition of such sanctions as the Court deems appropriate.

**13.**   This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts, along with any copies of those materials. Alternatively, the parties may destroy the materials and certify to counsel that they have been destroyed. Counsel for the parties may retain confidential information in their files, subject to this Order.

**14.**   The parties must comply with FED. R. CIV. P. 5.2's mandate for redaction if practicable before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is

impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

So Ordered.

*WPMarshall Jr.*
_____
D.P. Marshall Jr.
United States District Judge

11 March 2022

**Approved for Entry:**

Austin Porter, Jr., AR 86145
Porter Law Firm
The Catlettt-Prier Tower
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
(501) 537-0845
(501) 537-0853, *facsimile*
aporte5640@aol.com

*Attorney for Plaintiff*

and

Scott E. Wray, AR 96170
Peyton C. Watts, AR 2020165
Kutak Rock LLP
234 East Millsap Road
Fayetteville, Arkansas 72703
(479) 973-4200
(479) 973-0007, *facsimile*
scott.wray@kutakrock.com
peytonwatts@kutakrock.com

*Attorneys for Defendant*