IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **LASHAUN GORDON** | **PLAINTIFF** |
| vs. | Case No. 4:21-cv-00168-DPM |
| **WAL-MART STORES, INC.** | **DEFENDANT** |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN *LIMINE*

Comes now, Walmart Inc.[1] ("Walmart" or "Defendant"), by and through its attorneys, Kutak Rock LLP, for its Motion in *Limine*, states as follows:

**I.   Background**

Plaintiff filed this lawsuit on March 1, 2021 pursuant to 42 U.S.C. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), in order to recover damages against Defendant for the alleged unlawful employment practices that Plaintiff had been subjected to on account of her race and sex. *See* Compl., p 1.

Plaintiff brings two claims against the Defendant: (1) race discrimination and (2) sex discrimination. *See* Compl., pp. 5 - 9. On September 23, 2022, this Court entered a Second Amended Final Scheduling Order. (Doc. 26). The case is set for trial commencing October 16, 2023. Pursuant to the Court's Second Amended Scheduling Order, Defendant submits this Motion in *Limine* to request that the Court enter an Order excluding inadmissible evidence in the form of arguments, testimony, and exhibits, which Defendant will discuss in more detail below.

---

[1] Wal-Mart Stores, Inc. changed its name to Walmart Inc. on February 1, 2018.

## II. Argument

### A. Federal Rules of Evidence 401, 402, and 403 prohibit the admission of irrelevant, prejudicial, confusing, and time wasting evidence.

Plaintiff brings two claims against the Defendant: (1) race discrimination and (2) sex discrimination. *See* Compl., pp. 5 - 9. On September 24, 2021, Plaintiff propounded her initial discovery to Defendant. On November 24, 2021, Defendant responded to Plaintiff's discovery requests. For the purposes of this section of the Motion, Defendant takes issue with two specific interrogatories; interrogatories 2 and 3. See Exhibit A. Plaintiff's Interrogatory and Defendant's Response are included below:

> Interrogatory No. 2: Please state the total number of employees currently employed by the defendant's stores located in Little Rock, Arkansas, providing the number and percentage of Caucasian employees, the number and percentage of African-American employees, the number and percentage of Asian-American employees, the number and percentage of Hispanic employees, and the number and percentage of all other employees. For those employees identified as African-American, please provide their name, title and date of hire. Please provide the above-requested information for each store, listing the store's location and identification number.
> Response: Walmart objects to this interrogatory as seeking information irrelevant to Plaintiff's claims and outside the scope of permissible discovery. Walmart further objects to this interrogatory as overly broad and unduly burdensome in seeking information in no way specifically tied to Plaintiff, Plaintiff's work location, her working team, or the facts of this case. For these same reasons, this interrogatory is not proportional to the needs of the case considering the marginal importance – if any – the requested information would have in this single-plaintiff case. Moreover, Walmart objects to this interrogatory as vague and ambiguous. This interrogatory also seeks confidential information or materials relating to Defendant's business, which should be disclosed, if at all, only under a protective order acceptable to Defendant.
> Subject to and without waiving these objections, Walmart states that it currently employs 315 people at store # 5244 in Little Rock, Arkansas. Of these people. 28% identify as Caucasian, 57% identify as African-American, 3% identify as Asian-American, 1% identify as Hispanic and 11% are not specifically identified within the foregoing four groups.
> Interrogatory No. 3: Please state the total number of employees who were employed by the defendant's stores located in Little Rock, Arkansas as of May 6, 2020, providing the number and percentage of Caucasian employees, the number and percentage of African-American employees, the number and percentage of

>Asian-American employees, the number and percentage of Hispanic employees, and the number and percentage of all other employees. For those employees identified as African-American, please provide their name, title and date of hire. Please provide the above-request information for each store, listing the store's location and identification number.
>
>Response: Walmart objects to this interrogatory as seeking information irrelevant to Plaintiff's claims and outside the scope of permissible discovery. Walmart further objects to this interrogatory as overly broad and unduly burdensome in seeking information in no way specifically tied to Plaintiff, Plaintiff's work location, her working team, or the facts of this case. For these same reasons, this interrogatory is not proportional to the needs of the case considering the marginal importance – if any – the requested information would have in this single-plaintiff case. Moreover, Walmart objects to this interrogatory as vague and ambiguous. This interrogatory also seeks confidential information or materials relating to Defendant's business, which should be disclosed, if at all, only under a protective order acceptable to Defendant.
>
>Subject to and without waiving these objections, Walmart states that it currently employs 315 people at store # 5244 in Little Rock, Arkansas. Of these people. 28% identify as Caucasian, 57% identify as African-American, 3% identify as Asian-American, 1% identify as Hispanic and 11% are not specifically identified within the foregoing four groups.

See Exhibit A. Plaintiff never corresponded with Defendant in good faith to attempt to dispute Defendant's objections to the above interrogatories nor did Plaintiff file a Motion to Compel. As such, any attempt by Plaintiff to introduce evidence or provide testimony regarding the percentage of each race employed by Defendant or employed in a management position by Defendant at any store other than Store #5244 would be inadmissible speculation. Further, as Defendant stated in its objections to the above interrogatories, such information is irrelevant and potentially prejudicial.

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and the facts is of consequence in determining the action." The percentages of races employed by Defendant at stores other than #5244, where Plaintiff was employed, do not make it more or less likely Plaintiff was discriminated against by Defendant on the basis of her race or sex. Federal Rule of Evidence 402

is clear that irrelevant evidence is not admissible. Such evidence of race percentages is irrelevant and therefore, inadmissible.

However, even if this Court were to decide such percentages were admissible, they should be excluded because they may be unfairly prejudicial, confuse the issues, and mislead the jury. Federal Rule of Evidence 403 reads in relevant part, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Notwithstanding the fact any admission of the percentage of races employed by Defendant at stores other than #5244 would be based on speculation alone, admission of the above-referenced percentages may cause a jury to confuse the issues and draw a prejudicial conclusion as to Defendant's alleged race and sex discrimination without considering the other facts in evidence. Further, the jury may confuse race percentages with sex discrimination, resulting in extreme prejudice to Defendant. As such, any introduction or testimony regarding the percentages of races employed a Defendant's stores other than Store #5244 should be prohibited.

For the reasons discussed above, Defendant respectfully requests this Court prohibit Plaintiff and her counsel from referencing the following irrelevant and prejudicial information during any portion of the trial:

      a.    Any testimony or evidence regarding the percentage of each race employed by Defendant at any store other than Store #5244; and

      b.    Any testimony or evidence regarding the percentage of each race employed in a management position by Defendant at any store other than Store #5244.

WHEREFORE, Defendant Walmart Inc. respectfully requests that this Court grant its Motion in *Limine*, enter an Order excluding all inadmissible evidence, and for all other just and proper relief to which it is entitled.

Respectfully submitted,

Russell C. Atchley (AR Bar No. 82007)
Peyton C. Watts (AR Bar No. 2020165)
**KUTAK ROCK LLP**
1277 E. Joyce Blvd., Suite 300
Fayetteville, AR 72703-5585
Phone: (479) 973-4200
Fax: (479) 973-0007
russell.atchley@kutakrock.com
peyton.watts@kutakrock.com

ATTORNEYS FOR DEFENDANT

4878-0099-9024.1