**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LASHAUN GORDON**                                                                    **PLAINTIFF**

**vs.**                              **Case No. 4:21-cv-00168-DPM**

**WAL-MART STORES, INC.**                                                      **DEFENDANT**

---

**BRIEF IN SUPPORT OF DEFENDANT'S OMNIBUS MOTION IN *LIMINE***

---

Comes now, Walmart Inc.[1] ("Walmart" or "Defendant"), by and through its attorneys, Kutak Rock LLP, for its Brief in Support of Defendant's Omnibus Motion in *Limine*, states as follows:

**LAW AND ARGUMENT**

Irrelevant evidence is not admissible. Fed. R. Evid. 402. "Relevant evidence" is evidence having "any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence has some relevance, it should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. It is well within a trial court's discretion to exclude inadmissible evidence under Rules 402 and 403.

---

[1] Wal-Mart Stores, Inc. changed its name to Walmart Inc. on February 1, 2018.

*Barnes v. Everett*, 351 Ark. 479, 488, 95 S.W.3d 740, 746 (2003) (interpreting Arkansas's analog Rules of Evidence).

**A.    Golden Rule Argument**

Courts have defined a "Golden Rule" argument as improperly suggesting to the jury panel or the jury that they should "do unto others as you would have them do unto you," apply the Golden Rule, "send a message," or place themselves in the position of a party. *See Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) ("Golden Rule argument asks the jury to place itself in the [party's] position"); *see also Niver v. Travelers Indem. Co. of Ill.*, 433 F.Supp.2d 968, 998 (N.D. Iowa 2006). Each of these statements and their innumerable variations are "universally condemned because it encourages the jury to 'depart from neutrality and to decide the case on the basis of personal interests and bias rather than the evidence." *Lovett*, 201 F.3d at 1083; *see also United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007); *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir.1982). Therefore, Gordon and her counsel should be precluded from making or eliciting any such statements during any stage of the trial.

**B.    Reference To the Wealth of Either Party Should Be Excluded.**

Walmart anticipates Plaintiff may attempt to introduce evidence regarding the financial condition of herself or Walmart at the trial of this case.  The financial condition of the parties is not relevant to any claim or defense asserted in this action.  Fed. R. Evid. 401.  Though Plaintiff's lost wages are relevant to her claim for damages, Plaintiff's overall financial condition, net worth, debt positions, or similar information has no relevance to the issues in this case.  *Id.*  The same is true for evidence regarding Walmart's market value, revenue, profits, or similar information that would improperly portray Walmart as a "deep pocket" and encourage the jury to award damages due only to Walmart's perceived ability to pay.  *Id.*

Moreover, even if such financial evidence were relevant, the probative value is vastly outweighed by the prejudice to Walmart. The evidence invites bias—regardless of the underlying facts of the case—against a company that may be perceived as "wealthy" or capable of paying a judgment against it. Fed. R. Evid. 403, *Union Electric Light & Power Co. v. Snyder Estate Co.*, 65 F.2d 297 (8th Cir. 1933) ("To permit evidence of wealth of a party litigant . . . is prejudicial error"); *see also* W.E. Shipley, Annotation, *Counsel's Appeal in Civil Case to Wealth or Poverty of Litigants as Ground for Mistrial, New Trial, or Reversal*, 32 A.L.R.2d 9 (2013); *see e.g.*, *HTC Corp. v. Tech Props. Ltd.*, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) (granting motion in limine as to litigant's financial status because "the probative value of evidence related to [the defendant's] size, wealth, or overall revenue is substantially outweighed by the risk of unfair prejudice, confusion of issues, and misleading the jury necessitating its exclusion under Rule 403"). This information, therefore, should be excluded. Fed. R. Evid. 401, 402, and 403.

Finally, should the Court determine that evidence of Walmart's revenue or profits is generally admissible, Plaintiff should be precluded from presenting such evidence until she has established an entitlement to punitive damages in order to avoid any unnecessary and avoidable prejudice to Walmart. *See Robinson v. Crown Equipment Corp.*, 2007 WL 2819661 (E.D. Ark. Sept. 26, 2007) ("evidence of a defendant's wealth is only admissible for the purposes of evaluating the amount of punitive damages") (citing *U.S. v. Big D. Enterprises, Inc.*, 184 F.3d 924, 932 (8th Cir. 1999)); *Hollins v. Powell*, 773 F.2d 191, 198 (8th Cir. 1985) (citing Restatement (Second) of Torts § 908(2)); *Sarantis v. ADP, Inc.*, 2008 WL 4057007 (D. Az. Aug. 28, 2008 (holding that evidence regarding defendant's market share, financial condition, and net worth was irrelevant and inadmissible until such time as plaintiff presented sufficient evidence that warranted an instruction for punitive damages); *Lagudi v. Long Island R.R. Co.*, 775 F.Supp. 73, 75

(E.D.N.Y. 1991) (evidence regarding damages presented at the liability stage "may well serve only to confuse the jury as to the separate issue of liability and damages").

**C.    The Probable Cause Determination made by the Equal Employment Opportunity Commission ("EEOC") is irrelevant and highly prejudicial, and should be excluded.**

Administrative determinations and findings are generally admissible under the public records exception to the hearsay rule.  Fed. R. Evid. 803(8)(C).  The Eighth Circuit, however, leaves the final decision regarding the admissibility of such evidence to the "sound discretion of the trial court."  *Doss v. Frontenac*, 14 F.3d 1313, 1318 (8th Cir. 1994) (citing *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984), *cert. denied*, 469 U.S. 1041 (1984).  An administrative determination is properly excluded when "sufficient negative factors are present," or when the prejudicial effect of admitting such information outweighs its probative value.  *Johnson*, 734 F.2d at 1309; Fed. R. Evid. 403; *Abebe v. City of Waterloo, Iowa*, 2000 WL 34030862 (N.D. Iowa Sep. 7, 2000), citing *Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150, 154 (7th Cir. 1985).  Granting the trial court significant discretion to determine the admissibility of administrative determinations is "particularly important in cases . . .in which an employment discrimination claim is tried to a jury."  *Johnson*, 734 F.2d at 1309.

Here, the probative value of admitting the EEOC's determination into evidence is minimal as Plaintiff will have an opportunity to present to the jury the same evidence on which the determination was based.  *Johnson*, 734 F.2d at 1309 (finding little probative value in the EEOC's determination where the same evidence was presented to the jury on all matters summarized in the report); *Abebe*, 2000 WL 34030862 (finding little probative value and excluding EEOC determination where "the bulk of the evidence reviewed during the EEOC investigation is likely to be presented to the jury").

Admitting the determination would unfairly prejudice Walmart as the jury might adopt the EEOC's conclusions rather than objectively reviewing the evidence and drawing its own conclusions. *Johnson*, 734 F.2d at 1309 ("to admit the [EEOC] report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and ability to draw its own conclusions from the evidence presented"); *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988) ("The Court must exercise its discretion, however, to ensure that unfair prejudice does not result from a conclusion based on a cursory EEOC review of the very facts examined in depth at trial").

Moreover, admitting the determination would lengthen the trial as Walmart will be required to put forth additional evidence exposing the weaknesses of the EEOC investigation and undermining the affect that presenting the EEOC's determination would have on the jury. *Johnson*, 734 F.2d at 1309 ("the admission of the determination would have necessitated the taking of additional evidence to apprise the jury of the nature and extent of the EEOC investigation. To do so undoubtedly would have lengthened the trial"); *see E.E.O.C. v. Smokin' Joe's Tobacco Shop, Inc.*, 2007 WL 2461745 (E.D. Pa. Aug. 22, 2007) (finding that admitting the EEOC determination would be "a sideshow that distracts the jury and lengthens the trial").

Here, the minimal probative value of admitting the EEOC's determination is substantially outweighed by the risk of unfair prejudice to Walmart and the risk of unnecessarily lengthening the trial. Fed. R. Civ. P. 403; *Johnson*, 734 F.2d at 1309 (excluding EEOC determination where the probative value of the determination was minimal because "substantial evidence was presented to the jury on all matters summarized in the report," but there was significant risk of prolonging the trial due to defendant's need to present evidence to undermine EEOC determination).

Accordingly, the EEOC's determination is inadmissible, and the Court must preclude Plaintiff from referencing same.  Fed. R. Civ. P. 403.

**D.     Evidence relating to conciliation or other settlement efforts between the parties should be excluded.**

Under the regulations promulgated by the EEOC, "[n]othing that is said or done during and as part of the informal endeavors of the Commission to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion may be . . .used as evidence in subsequent proceedings without the written consent of the persons concerned."  29 C.F.R. § 1601.26.  Moreover, the Federal Rules of Evidence provide that all settlement offers and all conduct or statements made during compromise negotiations are inadmissible to prove the validity or amount of a disputed claim.  Fed. R. Evid. 408.  Consequently, any evidence regarding settlement offers or of conduct or statements made by either party during the course of any attempted conciliation or settlement is not admissible and must be excluded from evidence.

**E.     Additional Matters that Should Be Excluded in Limine.**

As provided by the Federal Rules of Evidence, the Arkansas Rules of Professional Conduct,[2] and the common law, the Court should exclude the following matters and prohibit counsel from attempting to introduce and from mentioning before the finder of fact:

1.   any evidence of any party or witness's religious beliefs or opinions, Fed. R. Evid. 610;

2.   any matter that will not be supported by admissible evidence, Ark. R. Prof'l Conduct 3.4(e);

3.   any reference to whether Walmart's corporate representative(s) is present at trial or is the appropriate person to respond to Gordon's claims. The existence or nonexistence of a

_____

[2] Under Rule IV(B) of the Model Federal Rules of Disciplinary Enforcement, the Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Arkansas Supreme Court, except as otherwise provided by specific Rule of this Court.

corporate representative is not evidentiary and has no bearing upon any issue to be decided by the jury,  Fed. R. Evid. 401–403;

4. any assertion, by an attorney, of personal knowledge of any facts at issue, Ark. R. Prof'l Conduct 3.4(e);

5. any personal opinion, by an attorney, as to the justness of a cause, the credibility of a witness, or the culpability of any party, Ark. R. Prof'l Conduct 3.4(e);

6. any documents, photographs, or visual aids that have not been tendered to opposing counsel and approved for admission or use by the Court or the consent of all opposing counsel, Fed. R. Civ. P. 37(c)(1);

7. any statement that Motions in Limine have been filed, any ruling by the Court thereon, or any suggestion to the jury by argument or otherwise, that Walmart sought to exclude any matter bearing on the issues in this cause, Fed. R. Evid. 401-403;

8. any reference to the fact that Walmart has not called to testify any witnesses equally available to both parties, including suggestions that: (1) Walmart should have called such witness; (2) Walmart would have called such witness if the witness's testimony would have helped Walmart; or (3) the witness's testimony would have been unfavorable to Walmart. Any such remarks would unfairly prejudice Walmart and make it impossible for Walmart to receive a fair trial. Fed. R. Evid. 403; *Cowens v. Siemens-Elema AB,* 837 F.2d 817, 825 (8th Cir. 1988);

9. any statement, comment, or reference to the amount of money either Walmart or Gordon may have spent to pursue or defend causes of action in this case, Fed. R. Evid. 401-403;

10. any comment that the jury should not concern itself with who pays the judgment, if any, whether it is ever paid, what effect a judgment may have on any party, or similar words to that effect, Fed. R. Evid. 401-403; and

11. any statement, suggestion, or allusion to the probable or possible testimony of any witness or alleged witness who is unavailable to testify (other than witnesses who have testified by deposition and disclosed in a party's deposition designations), Fed. R. Evid. 3.4(c).

## CONCLUSION

For the reasons stated above, Walmart respectfully requests that the Court enter an Order in Limine and prohibit Gordon, its counsel, and its witnesses from mentioning, referring to, or attempting to introduce any of the excluded matters in the presence of the finder of fact. In the alternative, Walmart requests that the Court require counsel for Gordon to approach the bench for a ruling from the Court outside the hearing of the finder of fact before they or any witnesses mention any of these matters. Walmart further requests all other relief to which it is entitled.

Respectfully submitted,

Russell C. Atchley (AR Bar No. 82007)
Peyton C. Watts (AR Bar No. 2020165)
**KUTAK ROCK LLP**
1277 E. Joyce Blvd., Suite 300
Fayetteville, AR 72703-5585
Phone: (479) 973-4200
Fax: (479) 973-0007
russell.atchley@kutakrock.com
peyton.watts@kutakrock.com

ATTORNEYS FOR DEFENDANT